UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN SWEENEY, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
|        v. | )   Civ. Action No. 16-0245 (RMC) |
| | ) |
| UNITED STATES | ) |
| PAROLE COMMISSION, | ) |
| | ) |
|        Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner John Sweeney is incarcerated at the District of Columbia Jail.  He claims that on June 8, 2015, he was arrested on a parole violator warrant issued by the United States Parole Commission.  In February 2016, Mr. Sweeney filed this action for a writ of habeas corpus because the Commission had not held a hearing on the warrant since his arrest.  In response to the Court's order to show cause why the writ should not issue, the Commission has established that its violator warrant has not been executed to trigger the hearing requirement.  Since the Commission has disproved Mr. Sweeney's premise, the petition will be denied for the reasons explained below.

**I.  BACKGROUND**

In April 2010, Mr. Sweeney was convicted in Superior Court of the District of Columbia for assault with intent to commit a robbery and related weapons offenses.  He was sentenced on June 21, 2010, to an aggregate prison term of 72 months, followed by three years of supervised release.  On April 2, 2015, while on supervised release, Mr. Sweeney was arrested and charged in Superior Court with four counts of unlawful possession of weapons and ammunition and one count of second-degree cruelty to children.  On April 20, 2015, Mr.

Sweeney was released to a high intensity supervision program pending trial.  On June 8, 2015, following a felony status conference, the Superior Court issued an order committing Mr. Sweeney to the D.C. Jail pending disposition.

The Commission issued its violator warrant on May 7, 2015, based on the new criminal charges.  It instructed the U.S. Marshal not to execute the warrant if the subject was already in the custody of a federal, state or local authority.  Because the U.S. Marshal failed to execute the Commission's warrant before Mr. Sweeney was detained on the Superior Court's commitment order, the Commission's warrant has been lodged with the District of Columbia as a detainer, and Mr. Sweeney "has been incarcerated since June 8, 2015 pursuant to the Superior Court commitment order."  United States Parole Comm'n's Opp'n at 2 [Dkt. 9]; *accord* Warden William Smith's Response at 2 [Dkt. 14-1].  The Superior Court has scheduled a jury trial on June 15, 2016, in *District of Columbia v. Sweeney*, 2015 CF2 004535.

## II.  DISCUSSION

District of Columbia prisoners are entitled to habeas corpus relief if they establish that their "custody [is] in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Mr. Sweeney contends that the Commission's failure to hold a hearing on the violator warrant has deprived him of due process.  The Commission counters correctly that because the violator warrant has not been executed by Mr. Sweeney's arrest, the due process clause is not triggered.

The Court of Appeals instructs that "the mere issuance of a parole violator warrant works no present deprivation of protected liberty sufficient to invoke due process protection." *Howard v. Caufield*, 765 F.3d 1, 10 (D.C. Cir. 2014) (quoting *Moody v. Daggett*, 429 U.S. 78, 85 (1976)).  Thus, the "Commission . . . has no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by

2

execution of the warrant."[1]  *Id.* (quoting *Moody*, 429 U.S. at 89) (alterations in original).  *See*

*United States v. Stewart*, ___ F. Supp. 3d ___, ___, 2015 WL 8664183, at *4 (D.D.C. Dec. 11,

2015) ("Detention following the [violator] warrant's execution is what implicates the defendant's

protected liberty interest under the Due Process Clause."); *Munn Bey v. U.S. Parole Comm'n*,

824 F. Supp. 2d 144, 146 (D.D.C. 2011) (finding the right to a hearing "triggered after the parole

violator warrant is executed, not when it is lodged, and when the defendant is taken into custody

under that warrant, not any other criminal warrant") (citing *Moody*, 429 U.S. at 87).  Similarly,

the right to a probable cause hearing within five days of an arrest is triggered when "a parolee . .

. is retaken and held in custody in the District of Columbia on a warrant issued by the

Commission."  28 C.F.R. § 2.101(a).

        In a supplemental pleading [Dkt. 10], Mr. Sweeney seems to attribute the

Commission's warrant to the decision of the Superior Court to commit him to the D.C. Jail

pending trial.  Even if true, that fact alone is immaterial to the habeas analysis since the warrant

has not been executed.  The due process clause does not require that a violator warrant issued

against a D.C. Code offender be executed, *Howard*, 765 F.3d at 10, let alone executed "before a

defendant completes an intervening sentence" or a court disposes of the underlying criminal

case, *Stewart*, ___ F. Supp. 3d at ___, 2015 WL 8664183, at *5 (citing cases).  And until the

Commission's violator warrant is executed, Mr. Sweeney has no constitutional or statutory right

---

[1]  "Supervised release is functionally equivalent to parole, and the law pertaining to parole is applicable in this context."  *McCleod v. U.S. Parole Comm'n*, 74 F. Supp. 3d 154, 157 (D.D.C. 2014) (citations omitted).

to be heard on it.  Accordingly, his petition for a writ of habeas corpus is denied.  A separate

order accompanies this Memorandum Opinion.


Date:   May 26, 2016                                      _____/s/_____
                                                                    ROSEMARY M. COLLYER
                                                                    United States District Judge